### THE SECURITY INSURANCE COMPANY OF NEW YORK *vs.* FAY.

A policy of insurance had endorsed upon it as one of the clauses of forfeiture, the words, "If without written consent hereon, there is any prior or subsequent insurance, this policy shall be void." Subsequently, and without giving notice to the company, an insurance was effected in another company. A few weeks after the second insurance an agent of the company first insuring, residing at another place, endorsed on the policy, the words:— "Other insurance to the amount of $4,000 is hereby permitted, December 7, 1867." In a suit on the policy, *Held*, That upon sound rules of construction the consent should have been signed by the general agent at Chicago, without whose signature the policy was not to be valid. The unsigned consent cannot be sustained in the absence of the general agent's signature, without distinct proof that it was made by some one who was in fact, or by their conduct might be fairly supposed to be authorized to bind the company in that way, or was recognized and acted upon afterwards so as to bind them by some sort of estoppel. The policy became void if there was subsequent insurance without consent. And the actual consent given was not a consent to a past insurance, but rather to one in the future.

Error to St. Joseph Circuit.

*Opinion by* CAMPBELL, C. J.—Judgment was rendered against plaintiff in error on a policy of insurance. The defence rested

on a forfeiture of the policy by failure to have certain additional insurance consented to, by endorsement on the policy and on a failure to furnish the proofs required by the terms of the policy.

Inasmuch as measures were taken immediately after the fire, by the holder of the policy and the agent to ascertain the facts and extent of the loss, and no formal proof of loss seems to have been required by the agent, the matter was properly left to the jury to find whether the former proofs had not been waived.

The insurance was for $3,000. The policy contained, among other clauses of forfeiture, one which declared that, "if without written consent hereon, there is any prior or subsequent insurance, this policy shall be void." The policy was dated September 17, 1866, and renewed September 17, 1867. Up to the latter date there had been no additional insurance. The policy did not say who should sign the contract.

October 22, 1867, Fay obtained a policy for $2,000 from the agent of a Detroit company. No consent was obtained in advance, nor was any notice given of it until December 7, 1867, when A. G. Martin, an agent of the company, residing in another place, wrote upon the policy the words, " Other insurance to the amount of $4,000 is hereby permitted, December 7, 1867." The memorandum was not signed by any one; but Martin swore that he omitted the signature by mistake. The evidence as to whether Betts, the regular agent, was informed of this before the fire or not is conflicting.

*Held*, That upon sound rules of construction the consent should have been signed by the general agent at Chicago, without whose signature the policy was not to be valid. The unsigned consent cannot be sustained in the absence of the general agent's signature, without distinct proof that it was made by some one who was in fact, or by their conduct might be fairly supposed to be authorized to bind the company in that way, or was recognized and acted upon afterwards so as to bind them by some sort of estoppel.

The condition in the policy contemplates, too, that the consent to future insurance should be given in advance. The policy became void if there was subsequent insurance without consent. And the actual consent given was not a consent to a past insurance, but rather to one in the future It was further held that there was no evidence of the waiving of the written consent by the agent, Betts. Also that the company had the right to the instruction asked, that if there was any attempt to defraud the company by not complying with the conditions of the policy, the plaintiff could not recover.

Judgment below reversed, and a new trial ordered.